IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN HUDSON,　　　　　　　　　　　　　　　　　　CV. 07-1058-HA

　　　　　Plaintiff,　　　　　　　　　　　ORDER

　　v.

BRIAN BELLEQUE, BARB COONEY,
and REBECCA PRINSLOW,

　　　　　Defendants.

HAGGERTY, District Judge.

　　This 42 U.S.C. § 1983 prisoner civil rights case comes before the court on defendants' Motion to Dismiss [16] filed pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, defendants' Motion to Dismiss is granted in part and denied in part.

## BACKGROUND

　　Plaintiff alleges that in February 2006, defendant Cooney sanctioned him for violating prison regulations pertaining to the possession and distribution of contraband. Cooney imposed two 84-

1 - ORDER

day sanctions to be served consecutively in the Disciplinary Segregation Unit ("DSU"). Plaintiff asserts that under the relevant Oregon Administrative Rules, the sentences should have merged absent a specific finding of aggravation. He claims that because there was no aggravating factor in his case, his second 84-day sentence in DSU violated his rights to due process of law and to be free from cruel and unusual punishment.

**STANDARDS**

Dismissal is appropriate if plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the complaint and any attached exhibits. *Id* at 1484. Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Id.* From the facts alleged, the court also must draw all reasonable inferences in favor of the nonmoving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But conclusory allegations, without more, are insufficient to defeat a motion to

dismiss for failure to state a claim. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

Liberty interests which entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). When deciding whether the Constitution protects an alleged liberty interest of a prisoner, the court should consider whether the practice in question "is within the normal limits or range of custody which the conviction has authorized the state to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Only a hardship that is sufficiently significant will require due process protections. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), *cert. denied*, 541 U.S. 1063 (2004). Three factors to consider are: (1) the conditions of confinement; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the sanction will affect the duration of the prisoner's sentence. *Id* at 861; *Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996).

Defendants argue that 84 days in DSU is simply insufficient to give rise to a protected liberty interest under *Sandin*. Plaintiff replies that the conditions of DSU are substantially more onerous

3 - ORDER

than the conditions of administrative segregation, therefore he can demonstrate that he has a protected liberty interest in this case. Such an analysis cannot be performed in the context of defendants' Motion to Dismiss because the court must look to the particular restrictions imposed to determine whether they arise to the level of atypical and significant hardship. Because the court is unable to conclude that plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief, dismissal for failure to state a claim is not appropriate. This issue is more suitably addressed in a motion for summary judgment analyzing DSU confinement using the factors described in *Ramirez* and *Keenan*, *supra*.

Defendants also assert that even if plaintiff's placement in DSU for the additional 84-day period implicated a protected liberty interest, he nevertheless fails to state a due process claim because he does not allege that he was denied any of the procedural safeguards identified in *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). The court does not read plaintiff's due process claim as one pertaining to procedural safeguards under *Wolff*, but as one based on the lack of evidence to justify a consecutive sanction. *See Superintendent v. Hill*, 472 U.S. 445 (1985) (requiring "some evidence" of a violation in order to support a sanction). Defendants assert that the "some evidence" standard of *Hill* should only relate to an inmate's commission of the underlying violation, not the imposition of sanctions. This court is unaware of any

4 - ORDER

precedent for such a position, and defendants have offered no clear support for one.  Indeed, were the court to reach this conclusion, an inmate with a protected liberty interest would have no recourse to address arbitrary actions taken against him during the sanctioning process.  Absent binding authority to the contrary, the court is unwilling to endorse defendants' position.

With respect to plaintiff's Eighth Amendment claim, only those deprivations which deny an inmate "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment claim.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Because plaintiff does not allege that he has been so deprived, the court finds that plaintiff fails to state a valid Eighth Amendment claim.  Accordingly, this case will proceed only on plaintiff's due process claim.

## CONCLUSION

Defendants' Motion to Dismiss [16] is GRANTED as to plaintiff's Eighth Amendment claim, but DENIED as to plaintiff's due process claim.  Accordingly, this case shall continue only on plaintiff's due process claim.  The court LIFTS the stay on discovery and RESETS the discovery and pretrial dispositive motion deadlines to 60 days from the date of this Order.

IT IS SO ORDERED.

DATED this  23rd  day of May, 2008.

/s/ Ancer L. Haggerty

5 - ORDER

                                      Ancer L. Haggerty
                                      United States District Judge

6 - ORDER