FILED'09 JUL 06 10:08USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN HUDSON,  
        Plaintiff,

v.

BRIAN BELLEQUE, et al.,  
        Defendants.

CV. 07-1058-HA

OPINION AND ORDER

Brian Hudson  
8831028  
Eastern Oregon Correctional Institution  
2500 Westgate  
Ontario, OR 97801

    Plaintiff, *Pro Se*

Hardy Myers  
Attorney General  
Leonard W. Williamson  
Attorney-In-Charge  
Department of Justice  
1162 Court Street NE  
Salem, OR 97301-4096

    Attorneys for defendant

///

1 - OPINION AND ORDER

HAGGERTY, District Judge.

Plaintiff, an inmate at the Eastern Oregon Correctional Institution, brings this action *pro se* pursuant to 42 U.S.C. § 1983. The court issued a Summary Judgment Advice Notice [12] to plaintiff on January 23, 2008 advising him of the federal summary judgment standards. Currently before the court are the parties' cross-motions for summary judgment. For the reasons which follow, defendants' Motion for Summary Judgment [43] is granted, and plaintiff's Motion for Summary Judgment [51] is denied.

## BACKGROUND

On February 11, 2006, prison officials discovered that plaintiff was in possession of three pieces of Contraband. Specifically, plaintiff had two $100 bills and one $50 bill, each of which was individually wrapped in rubber balloons made from the fingers of a latex glove. Affidavit of Barbara Cooney, Att. 2, p. 7. As a result, plaintiff was issued a misconduct report for violations of Contraband I, Disobedience of an Order, and Distribution II. Cooney Affidavit, p. 3. Hearings Officer Barbara Cooney held a prison disciplinary hearing where she recommended that plaintiff be found guilty of all disciplinary infractions and sentenced, among other things, to consecutive 84-day sanctions in the Disciplinary Segregation Unit ("DSU"). *Id* at 3, 4.

On March 1, 2006, defendant Belleque affirmed Cooney's recommendations, and her order became final. Cooney Affidavit,

2 - OPINION AND ORDER

p. 4. Petitioner sought administrative review of Cooney's Findings of Fact, Conclusions, and Order, but Inspector General Rebecca Prinslow affirmed the Findings of Fact, Conclusions, and Order on March 31, 2006. *Id* at 5.

Plaintiff filed his Amended Complaint in this 42 U.S.C. § 1983 case on March 12, 2008. Plaintiff does not dispute his guilt as to the charges regarding possession and distribution of contraband. He does, however, assert that the imposition of consecutive sanctions in DSU for these convictions was not permitted under the applicable regulations, therefore defendants violated his right to due process of law. Defendants contend that plaintiff's Amended Complaint should be dismissed because: (1) he has no liberty interest in being free from placement in DSU for 84 days; (2) he has no due process right to be free from the imposition of consecutive sanctions so long as procedural safeguards are satisfied; and (3) to the extent the court finds a due process violation, defendants are qualifiedly immune from suit.

## **STANDARDS**

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to

3 - OPINION AND ORDER

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (quoting Fed. R. Civ. P. 56(c)).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987)). Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Rather, he must come forward with sufficient evidence demonstrating to the court that there are genuine issues of material fact to be decided at trial. Fed. R. Civ. P. 56(e). Plaintiff may not simply rely upon the pleadings to designate specific facts establishing a genuine issue for trial. *Id*; see also *Celotex Corp.*, 477 U.S. at 324. The existence of a genuine issue of material fact may be demonstrated through the use of affidavits, depositions, answers to interrogatories, and admissions. *Celotex Corp.*, 477 U.S. at 324; see also Fed. R. Civ. P. 56(c). If "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving

party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

## DISCUSSION

Plaintiff's Amended Complaint raises a single claim: whether the imposition of consecutive 84-day sanctions violated his right to due process, where he believes the 84-day sanctions should have run concurrently under the governing prison regulations. The first issue raised by the defendants is whether plaintiff had a liberty interest in remaining free from placement in DSU for 84 days, the disputed portion of his sanction.

Liberty interests which entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

When deciding whether the Constitution protects an alleged liberty interest of a prisoner, the court should consider whether the practice in question "is within the normal limits or range of custody which the conviction has authorized the state to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Only a hardship that is sufficiently significant will require due process protections. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), *cert. denied*,

5 - OPINION AND ORDER

541 U.S. 1063 (2004). Three guideposts to consider are: (1) the conditions of confinement; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the sanction will affect the duration of the prisoner's sentence. *Id* at 861; *Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996). "Atypicality" requires not merely an empirical comparison, but turns on the importance of the right taken away from the prisoner. *See Carlo v. City of Chino*, 105 F.3d 498, 499 (9th Cir. 1997), *cert. denied*, 523 U.S. 1036 (1998).

In *Sandin*, an inmate was not allowed to present witnesses at a disciplinary hearing and was ultimately found guilty of the charged infractions. The hearings officer sentenced the inmate to 30 days in disciplinary segregation. The inmate brought suit claiming that he had a protected liberty interest in calling witnesses at his disciplinary hearing. The Court concluded that a 30-day sanction to a disciplinary unit did not implicate a liberty interest. In so holding, the Court noted that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id* at 485. The Court further stated that it wished to avoid "the involvement of federal courts in the day-to-day management of prisons" which "often squander[s] judicial resources with little offsetting benefit to anyone." *Id* at 482.

6 - OPINION AND ORDER

According to plaintiff, his placement in DSU constituted an atypical and significant hardship on him because he "led an active life in prison with many amenities including being able to work and attend school and religious programs. Plaintiff was involved in many activities that helped pass time, none of which he could do in the hole." Response [51], p. 8. The sanction, however, did not increase the duration of his incarceration, and while plaintiff feels that he was substantially affected by the sanction because it made his time pass more slowly, such a hardship for a period of 84 days is not atypical.[1] *See Frazier v. Coughlin*, 81 F.3d 313 (2nd Cir. 1996) (eleven months in disciplinary housing not sufficient give plaintiff protected liberty interest); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995 (six months in segregation insufficient to trigger protected liberty interest). Because plaintiff had no protected liberty interest pertaining to his placement in DSU for 84 days, he cannot prevail on his due process claim. Accordingly, defendants' Motion for Summary Judgment is granted, and plaintiff's Cross-Motion for Summary Judgment is denied.

///

---

[1] The court notes that this decision is in accord with its prior adoption of a Findings and Recommendation by Judge Ashmanskas finding that 180 days in DSU did not give rise to a protected liberty interest. *Sophanthavong v. Palmateer, et al.*, CV 00-823-AS; *see also Byrd v. Mendenhall, et al.*, CV 99-1312-AA (where Judge Aiken similarly determined that a 180-day DSU sanction did not give rise to a protected liberty interest).

7 - OPINION AND ORDER

## CONCLUSION

For the reasons identified above, defendants' Motion for Summary Judgment [43] is GRANTED, and plaintiff's Cross-Motion for Summary Judgment [51] is DENIED.

IT IS SO ORDERED.

DATED this 6 day of July, 2009.

                                          Ancer L. Haggerty
                                        United States District Judge